**Lorraine DAVIS and Deborah Nelson, Plaintiffs–Appellants,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Defendant– Appellee.**

No. 05–2377–cv.

United States Court of Appeals, Second Circuit.

April 25, 2006.

Saul D. Zabell, Zabell & Associates, P.C., Bohemia, New York, for Plaintiffs–Appellants.

Joseph A. Pantoja, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Sara L. Shudofsky, Assistant United States Attorney, on the brief), New York, New York, for Defendant–Appellee.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. DENNIS JACOBS, and Hon. J. CLIFFORD WALLACE,* Circuit Judges.

**SUMMARY ORDER**

Plaintiffs-appellants Lorraine Davis and Deborah Nelson appeal from the February 15, 2005 judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) in favor of defendant-appellee United States Department of Veterans Affairs ("VA"). On appeal, the plaintiffs-appellants argue that the district court erred in granting summary judgment in favor of the VA on their claim of race-based failure to promote and in disposing of their other claims. We assume familiarity with the facts and procedural history.

There was no error in the district court's conclusion that the plaintiffs-appellants established a prima facie case of race-based failure to promote and that the VA articulated a legitimate, nondiscriminatory rea-

---

* The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

son for the failure to promote—that it hired the candidate who gave the best interview. Accordingly, the burden shifted back to the plaintiffs-appellants to offer proof that would allow a factfinder to conclude that the VA's proffered reason was a pretext for unlawful discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (setting forth the burden-shifting framework for employment-discrimination cases). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), but this does not mean that such evidence *always* shows pretext for unlawful discrimination, *Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir.2000). Our task, then, on a motion for summary judgment, is "to examine the entire record and, in accordance with *Reeves*, make the case-specific assessment as to whether a finding of discrimination may reasonably be made." *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 382 (2d Cir.2001).

We hold that the plaintiffs-appellants have not provided sufficient evidence of the VA's discriminatory intent to defeat a motion for summary judgment. Nelson's testimony about Fox's statement is hearsay, and no rational factfinder could find, solely from the NOPA notation, that Fox was hired in May. But even assuming that Nelson's testimony is admissible and that the evidence shows pretext, there is no genuine question here as to whether it shows pretext for racial discrimination. *See Fisher v. Vassar Coll.*, 114 F.3d 1332, 1339 (2d Cir.1997) (en banc). More evidence than the plaintiffs-appellants have offered would be required in this case for any trier of fact to conclude that race-

based discrimination was the true reason that the VA promoted Fox instead of either of the plaintiffs-appellants. We note that, although such evidence is not categorically required, the plaintiffs-appellants do not contend that their race was discussed by the selecting VA official (who was the same official who hired them) or offer any evidence of race-based comments or criticism in the decision process or in their workplace. *See Schnabel*, 232 F.3d at 91 (attaching significance to these factors). In sum, the VA was entitled to summary judgment on the failure-to-promote claims.

The plaintiffs-appellants have waived their right to appellate review of the dismissal of their remaining claims because, appearing through counsel at the time, they did not object within 10 days to the magistrate judge's report recommending dismissal of those claims and did not request an extension of time for filing objections. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Male Juvenile*, 121 F.3d 34, 38–39 (2d Cir.1997). The plaintiffs-appellants received clear notice of the consequences of failing to object and objected only to the magistrate judge's recommendation regarding the failure-to-promote claim.

For the foregoing reasons, the district court's judgment is **AFFIRMED**. No costs.